**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00397-CR

————————————

**SARAI PEREZ BAUTISTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1379848**

## MEMORANDUM OPINION

Appellant, Sarai Perez Bautista, pleaded guilty to the felony offense of tampering with a governmental record.[1] The trial court found Bautista guilty and, in accordance with the terms of her plea bargain agreement with the State,

---

[1] *See* TEX. PENAL CODE ANN. § 37.10 (West 2011).

sentenced her to 60 days confinement in the Harris County jail pursuant to Section 12.44(a) of the Texas Penal Code. *See* TEX. PENAL CODE. ANN. § 12.44 (West 2011) (permitting trial court to assess punishment within the range of a Class A misdemeanor when "such punishment would best serve the ends of justice."). Bautista filed a notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not appeal any pre-trial matters, and the trial court did not give permission for appellant to appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule

25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).